UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**BRUCE SCOTT,**

                              **Plaintiff,**

                      -v-                             **9:09-CV-782 (NAM/GHL)**

**R. ROUX; ROZANSKI; SERGEANT ZIEGLER;
ROBERT TOWLES; JOHN DOE #1; AND
JOHN DOE #2,**

                              **Defendants**.

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

BRUCE SCOTT
Plaintiff *pro se*

HON. ANDREW M. CUOMO, Attorney General for the State of New York
RICHARD LOMBARDO, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983, alleging that defendants subjected him to excessive force and denied him medical care. Defendants moved (Dkt. No. 32) to dismiss the amended complaint (Dkt. No. 14) under Fed. R. Civ. P. 12(b)(6). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge George H. Lowe issued a Report and Recommendation (Dkt. No. 36) recommending that defendants' dismissal motion be granted in part and denied in part. Magistrate Judge Lowe recommends dismissal of the following claims without leave to amend: (1) the Eighth

Amendment medical care claims against defendants Roux, Ziegler, and Towles; (2) all claims against defendant Roux; and (3) all claims against defendant Ziegler.  As Magistrate Judge Lowe noted, defendant Rozanski concedes (Dkt. No. 32-1 at 2 n.2 ) that the amended complaint states a failure-to-intervene claim against him.  Rozanski has filed an answer (Dkt. No. 33).

Plaintiff has not objected to any portion of the Report and Recommendation and thus has waived further judicial review of the matters therein.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).  Defendants object to the Report and Recommendation only insofar as it did not recommend dismissal of plaintiff's medical indifference claim as against defendant Rozanski.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the issue *de novo*.  As briefly explained below, the Court finds that the amended complaint does not state a medical indifference claim against Rozanski.

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI*, 493 F.3d at 98.  A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  The submissions of a *pro se* litigant should be interpreted "to raise the strongest arguments that they suggest." *Triestman v.*

*Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

As against Rozanski, the amended complaint (Dkt. No. 14) alleges that, in the course of the March 21, 2009 incident giving rise to this action, Rozanski and another officer (apparently defendant Towles) took plaintiff to the special housing unit ("SHU"); that Towles held plaintiff "in an aggressive manner" and repeatedly hit plaintiff along the way; and that when they reached the SHU building, Towles continued beating plaintiff and dragged him into the search room. As noted, Rozanski does not dispute that these allegations state a claim against him for failure to intervene.

The amended complaint further alleges that after plaintiff was in the search room for about 20 minutes, a doctor arrived. Plaintiff states the doctor entered the search room, gave him a "check-up", and asked if he was "alright", to which plaintiff responded: "I don't know how I feel." After the doctor left, officers took pictures of plaintiff's injuries and prepared to take him to his cell. Rozanski entered the search room and gave plaintiff a direct order not to complain and not to ask the officers for anything, stating that if he did, they would "do the same thing to [him] again." After Towles escorted plaintiff to his cell, a different officer was placed outside plaintiff's cell to "watch [his] mental state." Plaintiff told this "watch officer" he needed to see a doctor, but the officer "just sat there." Plaintiff alleges that he remained in the cell for ten days without medical attention and that he was "threatened by new officers" every day. None of plaintiff's submissions set forth additional allegations against Rozanski.

As Magistrate Judge Lowe explains, to make out an Eighth Amendment claim for denial of medical care, plaintiff must show that he had a serious medical need and that it was met with deliberate indifference. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). As does

Magistrate Judge Lowe, this Court assumes for purposes of this motion that plaintiff has alleged a sufficiently serious medical need. With respect to the "deliberate indifference" element – which concerns whether the defendant prison official acted with a sufficiently culpable state of mind, s*ee Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) – plaintiff claims that after the doctor left the SHU search room, Rozanski ordered plaintiff not to complain or ask the officers for anything and threatened that if he did so, he would be beaten again. Accepted as true and construed in plaintiff's favor, this averment does not support a claim for denial of medical care, inasmuch as plaintiff had just been seen by a doctor. Nor does plaintiff allege that Rozanski's threat deterred him from asking to see a doctor thereafter; in fact, plaintiff claims that after he was placed in the SHU cell, he told the watch officer that he needed to see a doctor. Further, there is no basis to hold Rozanski responsible for other officers' alleged failure to heed plaintiff's requests for medical care during his ten-day stay in the SHU. Construed liberally and interpreted to raise the strongest arguments that they suggest, plaintiff's submissions do not set forth facts sufficient to raise a medical indifference claim against Rozanski above the speculative level. Thus, the Court dismisses plaintiff's claim that Rozanski deprived him of appropriate medical attention.

  Despite the pendency of the motion to dismiss, Rozanski filed an answer (Dkt. No. 33) to the amended complaint. According to the objection to the Report and Recommendation, Rozanski's answer was based on the expectation that the failure to intervene claim against him would remain in the case and the deprivation of medical care claim against him would be dismissed. In view of the Court's ruling herein, the Court allows Rozanski's answer to stand. Defendant Robert Towles should serve an answer in accordance with Fed. R. Civ. P. 12(a)(4)(A)

addressing the Eighth Amendment excessive force claim against him.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 36) of United States Magistrate Judge George H. Lowe is accepted, except insofar as it does not recommend dismissal of plaintiff's deprivation of medical care claim as against defendant Rozanski; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 32) is granted in part and denied in part as follows:

1. As against defendant R. Roux, all claims are dismissed;

2. As against defendant Sergeant Ziegler, all claims are dismissed;

3. As against defendants Rozanski and Robert Towles, all claims for deprivation of medical care are dismissed; and

4. The motion is otherwise denied.

IT IS SO ORDERED.

Date: July 2, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge