**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE SCOTT,**

                            **Plaintiff,**

                                                               9:09-CV-0782
  **vs.**                                                             (NAM/GHL)

**ROZANSKI and ROBERT TOWLES,**

                            **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

Bruce Scott
Feimster Memorial Building
ARC
2015 Madison Avenue
New York, New York 10035
*Plaintiff Pro Se*

Eric T. Schneiderman
Office of Attorney General                    Richard Lombardo, Esq.
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Norman A. Mordue, Chief U. S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    In this *pro se* action under 42 U.S.C. § 1983, plaintiff claims that defendants subjected him to excessive force and withheld medical attention in violation of his constitutional rights. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 47).

### BACKGROUND AND PROCEDURAL HISTORY

    On July 8, 2009, plaintiff commenced this action, (Dkt. No. 1) and on July 21, 2009,

plaintiff filed a motion to proceed *in forma pauperis*.[1] (Dkt. No. 6). On July 21, 2009, the Court issued an Order granting plaintiff permission to proceed *in forma pauperis* and further, advised plaintiff of his obligation under the Court's Local Rules:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in dismissal of this action.**

*See* Dkt. No. 8, p. 4.

On November 4, 2009, plaintiff filed a Notice of Change of Address indicating his new address at Queensboro Correctional Facility. (Dkt. No. 25). On January 7, 2010, plaintiff filed another Notice of Change of Address indication his new address at Feimster Memorial Bldg, "A.R.C.", 2015 Madison Avenue, New York, New York, 10035. (Dkt. No. 29). On January 28, 2010, defendants' filed a Motion to Dismiss. (Dkt. No. 32). On April 15, 2010, plaintiff filed opposition to defendants' motion. (Dkt. No. 35). On May 21, 2010, Magistrate Judge Lowe issued a Report and Recommendation granting defendants' motion, in part. (Dkt. No. 36). On July 2, 2010, this Court issued an order adopting Magistrate Judge Lowe's recommendations. (Dkt. No. 38). A copy of that Order was sent to plaintiff, via regular mail, at the Feimster Building.

On July 12, 2010, defendants filed a letter request seeking an extension of time to answer plaintiff's amended complaint. (Dkt. No. 39). Magistrate Judge George H. Lowe issued an Order granting defendants' request. (Dkt. No. 40). A copy of that Order was sent to plaintiff, via regular mail, at the Feimster Memorial Building.

---

[1] Plaintiff's previous application to proceed *in forma pauperis* was denied. (Dkt. No. 2). The Court directed plaintiff to either pay the filing fee or submit a proper application and a signed inmate authorization form, within thirty (30) days of the date of the Order. (Dkt. No. 4).

2

On July 21, 2010, the Court's July 12, 2010 mailing with a copy of Magistrate Judge Lowe's Order was returned to the Court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward". (Dkt. No. 41). In addition, on August 2, 2010, the Court's July 2, 2010 Mailing with a copy of this Court's Order adopting Magistrate Judge Lowe's recommendations was returned as "undeliverable". (Dkt. No. 42).

On August 23, 2010, Magistrate Judge George H. Lowe issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 44). The Order provided:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

*See* Mandatory Pretrial Discovery and Scheduling Order, at p. 4.

The Order was sent, via regular mail, to plaintiff at Feimster Memorial Building. On September 1, 2010, the mailing with a copy of the Discovery Order was returned to the Court marked "return to sender". (Dkt. No. 45).

On November 23, 2010, defendants filed the within motion and a letter motion requesting that the Court adjourn all discovery and motion deadlines pending the disposition of the within motion. (Dkt. Nos. 47 and 48). On November 23, 2010, Magistrate Judge Lowe issued an Order granting defendants' letter motion. (Dkt. No. 49). A copy of Magistrate Judge Lowe's November 23, 2010 Order was served upon plaintiff, via regular mail, at Feimster Memorial Building. On December 3, 2010, the Court's mailing with the November 23, 2010 Order was returned marked "return to sender, unable to forward". (Dkt. No. 50).

Defendants also assert that various mailings including correspondence, defendant Towles' answer, a notice to take plaintiff's deposition and defendants' discovery responses were returned

as undeliverable. Moreover, plaintiff has failed to appear for a deposition.

## DISCUSSION

**I.     Rule 41(b)**

Dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations". *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). *Pro se* plaintiffs should be "granted special leniency regarding procedural matters" and dismissal is only appropriate when the circumstances are "sufficiently extreme". *Barclay v. N.Y.*, 124 F. App'x 43, 44-45 (2d Cir. 2005) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1988)). When considering dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply, the Court must look to five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted). Moreover, Local Rule 41.2(a) provides:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution

.
N.D.N.Y.L.R. 41.2(a).

On April 15, 2010, plaintiff filed opposition to defendants' motion to dismiss. That was the last time plaintiff communicated with the Court. On July 2, 2010, a copy of the Order adopting the Report and Recommendation of Magistrate Judge Lowe was forwarded to plaintiff at

4

the Feimster Building address. On July 21, 2010, that mailing was returned as undeliverable. It has been one year since plaintiff took any action to prosecute this case. Moreover, plaintiff's failure to advise the Court of his current address is evidence that plaintiff has abandoned the litigation. While not conclusive, this factor weights in favor of dismissal. Moreover, plaintiff is undoubtedly aware of his obligation to inform the Court of any change of address as he previously filed two Change of Address forms. Plaintiff had the requisite notice and therefore, this factor weighs in favor of dismissal. As to the third factor and prejudice to defendants, the Court notes that this matter has been pending since July 2009. With the passage of time, it is possible that witness' memories will fade, witnesses will not be located or transferred to other facilities and relevant documents will be discarded. *See Edwards v. Selsky*, 2007 WL 748442, at *4 (N.D.N.Y. 2007). This factor supports dismissal.

With respect to the fourth factor, the Court has the duty to alleviate congestion on the docket and resolve matters expeditiously. This need outweighs plaintiff's right to further opportunities to be heard. *See Thompson v. LaClair*, 2010 WL 2671509, at *3 (N.D.N.Y. 2010). Moreover, the guideline for completion of cases in this district is eighteen months. *See* N.D.N.Y. Gen. Order 25; *see also Rodriguez v. Gil*, 2009 WL 174931, at *5 (N.D.N.Y. 2009). This action has been pending longer than the guideline range for completion. Finally, the Court has considered whether the imposition of lesser sanctions and finds that it is not a viable option. Plaintiff has not contacted the Court in one year and the Court is unaware of plaintiff's current whereabouts. At this juncture, the Court and defendants are unable to communicate with plaintiff. There is no meaningful way to compel plaintiff to prosecute this matter or to ensure that he will participate in discovery. Thus, the imposition of lesser sanctions would be fruitless.

Accordingly, the fourth and fifth factors also weigh in favor of dismissal.

Upon consideration of the five factors and plaintiff's failure to fulfill his obligations, the Court is left with no alternative but to dismiss the action. Accordingly, defendants' motion to dismiss plaintiff's complaint pursuant to Rule 41(b) is granted. In light of plaintiff's *pro se* status, dismissal of the action will be without prejudice.

## CONCLUSION

**It is therefore**

**ORDERED** that defendants' motion to dismiss (Dkt. No. 47) is **GRANTED** and the complaint is dismissed without prejudice; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon plaintiff by regular mail; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date: April 13, 2011

Norman A. Mordue
Chief United States District Court Judge